## GEORGE R. LORD *vs.* COUNTY OF ESSEX.

No salary is due under the St. of 1867, *c.* 295, § 6, from a county to an assistant clerk of the courts appointed under § 4, for any time prior to his appointment and qualification, although during such prior time he was employed by the clerk to perform services similar to those which afterwards were his official duty.

CONTRACT to recover compensation under the St. of 1867, *c.* 295, for the services of the plaintiff as assistant clerk of the courts in this county, from January 1, 1867, to the date of his appointment and qualification under the statute.

In the superior court, judgment was ordered for the defendants on agreed facts which appear in the opinion; and the plaintiff appealed.

*J. W. Perry,* for the plaintiff.

*J. C. Perkins,* for the defendants, was not called upon.

GRAY, J. Among the general laws regulating the salaries payable to public officers from the treasury of the Commonwealth, it is provided that " no salary shall be paid to any

person for a longer period than that during which he has been actually employed in the duties of the office." Gen. Sts. *c.* 15, § 36. It is true that this, like all other statute provisions, may be repealed by the legislature at any time or in any respect, and that it is not in terms extended to salaries payable out of the county treasury. But it tends to indicate a general policy in such matters ; and an intention on the part of the legislature to depart from so prudent and so just a rule is not to be inferred unless clearly expressed, nor to be more readily presumed when the payment is to be made out of the treasury of a county, than when it is to come directly out of the treasury of the Commonwealth.

The St. of 1867, *c.* 295, entitled, " An act fixing the salaries of the clerks and assistant clerks of courts in certain counties," was passed and took effect on the 31st of May 1867. It provides in the first three sections for the salaries of the clerks, in the fourth section for the appointment of assistant clerks in Essex and Norfolk with certain salaries payable from the county treasuries, and in the fifth section for increased salaries to assistant clerks appointed in previous years in other counties. The sixth section declares that " the salaries provided in this act shall be paid from the first day of January in the year eighteen hundred and sixty-seven." This section does not say to whom the salaries shall be paid ; but the reasonable construction is to those, and those only, who hold the office for the performance of the duties of which the salary is to be a compensation.

If a person had held either of the offices continuously from the first day of January, he would, according to the terms of the statute, receive the salary of such office at the increased rate from that day. If one person had held the office from the beginning of the year until the passage of the statute, and then resigned and another been appointed, each would receive the increased salary for the time during which he held the office. But, before the passage of the act, there was no office of assistant clerk of the courts for the county of Essex, and no assistant clerk was in fact appointed until nearly a month after its passage. If there had been such an office, occupied by a person

who resigned at the time of the plaintiff's appointment, it is to him and not to the plaintiff that the increased salary for the period preceding the appointment of the latter would have been payable. Or if a person other than the plaintiff had been appointed to the office on the day when the act took effect, the 31st of May, and held it until just before the appointment and qualification of the plaintiff on the 27th of June, and then resigned, it could not have been pretended that the plaintiff could claim any salary before the latter day. The fact that the office was vacant from the 31st of May to the 27th of June, and did not exist from the 1st of January to the 31st of May, can give him no greater right to recover a salary for either of those periods than he would have had if the office had existed and been filled by another person. So long as he did not fill the office, he is not entitled to the salary.

The performance of similar services by the plaintiff, under the direction and employment of the clerk, before the creation of the office of assistant clerk and his own appointment to that office, gave him no right to claim compensation under the statute. Those services were not performed by him in an official capacity, but under a private agreement between himself and the clerk, in accordance with which he has already been paid for them by his employer. The legislature, at the time of passing the statute, did not and could not know that the plaintiff would be appointed to the office of assistant clerk, and his previous unofficial services gave him no greater right to a salary from the public than if another person instead of himself had been appointed to this office. We find in the statute no countenance for the suggestion that the clerk can recover back from his assistant the money which he voluntarily paid him; and the effect of maintaining this action would be to pay the plaintiff twice over. *Judgment for the defendants.*